# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **CELL FIX, INC.**, a Florida Corporation<br><br>Plaintiff,<br>v.<br><br>**TELEFIX, LLC,** a Florida Limited Liability Company; **M&H CELL PHONES, LLC**, a Florida Limited Liability Company d.b.a "TELEFIX, INC;"<br><br>Defendants. | Civil Action No.:<br><br>**TRIAL BY JURY DEMANDED** |

## COMPLAINT

Plaintiff Cell Fix, Inc., a Florida corporation, ("Plaintiff"), by and through the undersigned counsel, sues Defendant Telefix, LLC ("Defendant"), a Florida Limited Liability Company, and Defendant M&H Cell Phones, LLC, a Florida Limited Liability Company doing business as TELEFIX, INC., and as its Complaint, with actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters, states as follows:

## NATURE OF THE ACTION

1. This is a civil action for trademark infringement and unfair competition arising under the federal Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(d), as well as a related Florida state law claims for trademark infringement, unfair

competition, false and misleading advertisement, and tortious interference with prospective business relations. Plaintiff seeks equitable and monetary relief from Defendants' willful violations of Plaintiff's trademark rights in its federal and common law CELLFIX marks.

2.     Defendant M&H Cell Phones, LLC has been operating, selling, and promoting its business as TELEFIX, INC, purposefully imitating and misappropriating the goodwill of Plaintiff's CELLFIX mark (the "CELLFIX mark") through near identical sound and pronunciation. As a result of the Defendant M&H Cell Phones, LLC's use of TELEFIX, INC in connection with its services, activities, and promotions, consumers have and are likely to continue to confuse Defendants with Plaintiff.

3.     Additionally, Defendants continued unlawful harassment and interference with business relationships and prospective economic relations of the Plaintiff unduly harms Plaintiff in both monetary and reputational damages.

## THE PARTIES

4.     Plaintiff CELL FIX, INC is a Florida Corporation, with its principal place of business at 8601 N. Florida Ave, Tampa, FL 33604.

5.     Defendant TELEFIX, LLC. is a Florida Limited Liability Company with a principal place of business at 9014 N. Florida Avenue, Tampa, FL 33604. Its Florida registered agent and managing member is Abdul Jaber Hamzah, 1414

Distant Oaks Dr, Wesley Chapel, FL 33543.

6.      Defendant M&H CELL PHONES, LLC is a Florida Limited Liability Company with a principal place of business at 3322 E. Hillsborough Avenue, Suite B, Tampa, FL 33610. Its Florida registered agent and managing member is Abdul Jaber Hamzah, 1414 Distant Oaks Dr, Wesley Chapel, FL 33543.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 because of claims under the Lanham Act and pendant jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

8.      Defendant Telefix, LLC is subject to personal jurisdiction in Florida as it is a limited liability company registered in Florida subject to both general and specific jurisdiction in this State.

9.      Defendant M&H Cell Phones, LLC is subject to personal jurisdiction in Florida as it is a limited liability company registered in Florida subject to both general and specific jurisdiction in this State.

10.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because, among other things, the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

# FACTUAL BACKGROUND

11. Since February 2012, Plaintiff Cell Fix, Inc. markets and provides services in repair of computer hardware and installation, maintenance, and repair of cell phone related hardware under the mark CELLFIX.

12. Plaintiff invested a great deal of resources in researching, designing, developing, and marketing its services under the CELLFIX brand. Plaintiff has also spent a considerable amount of time in connection with the creation of the services offered under the CELLFIX mark as well as the development of Plaintiff's website and related logo.

13. In connection with its efforts to create and administer its growing business, Plaintiff registered the CELLFIX mark with the United States Patent and Trademark Office ("USPTO"). Plaintiff's CELLFIX mark, logo, and goods and services offered with it have enjoyed success for almost ten (10) years and are extremely valuable to the Plaintiff.

14. Plaintiff owns U.S. federal trademark registration No. 5,802,604 on the Supplemental Register for its CELLFIX mark, true and correct copy of which is attached as **Exhibit A**.

15. Plaintiff's ownership and registration of the trademark was done in conjunction with its design, creation, and development of its goods and services, and Plaintiff has continuously advertised, marketed, and provided its services

under this trademark. With over five years in the market, Plaintiff's CELLFIX mark has acquired distinctiveness and, in the minds of the consuming public, the significance of the mark is associated with Plaintiff.

16. Plaintiff's CELLFIX mark appears prominently on Plaintiff's website – cellfixinc.com as well as its web pages, advertisements, and store front.

17. Plaintiff also owns T14000000644 and T19000001325, both valid and subsisting Florida trademark registrations for its CELLFIX mark, true and correct copies of which are attached as **EXHIBIT B** and **C.**

18. Plaintiff operates twelve (12) CELLFIX franchises throughout the Tampa Bay area. Customers frequent Plaintiff's locations with the intent to obtain cell phone repair services from the Plaintiff.

19. On or about January 2018, Defendants Telefix, LLC and M&H Cell Phones, LLC began using the TELEFIX mark for cell phone repair services, cell phone activation services, and the sale of cell phone accessories. Defendants' use of the TELEFIX mark is attributed to the corresponding Defendant when possible.

20. The managing member of both Defendants, Hamzah Abdul Jaber, is a first cousin of the managing member of the Plaintiff.

21. Defendant M&H Cell Phones, LLC operates three locations doing business as Telefix, Inc.: 9014 N. Florida Avenue, Tampa, FL 33604 ("Florida Avenue location"); 3322 E. Hillsborough Ave, Tampa, FL 33610 ("Hillsborough Avenue

location"); and 8303 N. Armenia Avenue, Tampa, FL 33604 ("Armenia Avenue location").

22. Defendants are associated with a website domain telefixinc.net whose first use appears in June 2021 and use a company email contact of support@telefixinc.com.

23. Defendant M&H Cell Phones, LLC registered the fictitious name TELEFIX with the state of Florida on January 30, 2018, for Defendants' Hillsborough Avenue location.

24. Defendant M&H Cell Phones, LLC registered the fictitious name TELEFIX with the state of Florida on December 17, 2020 for their Armenia Avenue location.

25. Defendant M&H Cell Phones, LLC additionally operates Facebook pages for its Hillsborough Avenue and Florida Avenue locations, beginning on May 20, 2018 and February 15, 2021 respectively.

26. An Instagram account for Defendant M&H Cell Phones, LLC's Armenia Avenue location first posted on January 9, 2021.

27. Due to the Defendants' similar pronunciation of the TELEFIX name to Plaintiff's CELLFIX mark, and Defendants' imitation of Plaintiff's Cellfix, Inc. corporate name, Defendants' TELEFIX mark and their doing business as "Telefix, Inc.," have created consumer confusion resulting in negative reviews and consumer reports associated with Defendants' locations to be posted as reviews of

Plaintiff.

28. Defendants conduct business as "Telefix, Inc." despite a registration as Limited Liability Companies in Florida exhibiting their knowledge of the falsity regarding the incorporation of the company in order to confuse consumers between Plaintiff CellFix, Inc. and Defendants.

29. The opening of Defendant M&H Cell Phones, LLC's Florida Avenue location, one block from Plaintiff's 8601 N. Florida Avenue, Tampa, FL 33604 location, further exacerbated the consumer confusion between Defendants' TELEFIX mark and Plaintiff's mark.

30. Plaintiff receives numerous calls from consumers mistakenly believing products were serviced or purchased at Plaintiff's locations when the products were purchased or serviced at Defendants' locations.

31. Defendants are known to interfere with customers of Plaintiff in various means, including but not limited to disabling customer's phones that come into Defendants' locations bearing the CELLFIX mark, providing directions to the Telefix locations when customers inquire about Cellfix locations, and sending third parties into Plaintiff's store to launch dozens of Telefix business cards onto the floor at Plaintiff's store.

32. In May of 2019, Defendants sent a third party to obtain the Plaintiff's vendor contact information in an effort to interfere with Plaintiff's product supply chain.

33. With full knowledge of Plaintiff's rights, Defendants' continued use and expansion of the confusingly similar mark has caused and is likely to continue causing confusion, mistake, and deception as to the source or origin of Defendants' services, and is likely to falsely suggest a sponsorship, connection, or association between Defendants, their services, and/or their commercial activities with Plaintiff.

34. Defendants' acts, described above, have damaged and irreparably injured, and, if permitted continue, will further damage and irreparably injure Plaintiff and its CELLFIX mark.

35. Defendants' acts, described above, have irreparably injured, and, if permitted to persist, will continue to irreparably injure the public, who has an interest in being free from confusion, mistake, and deception.

36. Given the familial relationship between Defendants' managing member and Plaintiff's managing member, Defendants are knowingly, willfully, intentionally, and maliciously using their confusingly similar imitations of Plaintiff's mark.

37. All conditions precedent to the institution and maintenance of this action have occurred or been performed by Plaintiff.

38. Plaintiff has engaged the law firm of Stanton IP Law Firm, P.A. to represent it and are obligated to pay its attorneys a reasonable fee for their services in this action.

## COUNT I
### Violation of 15 U.S.C. § 1114(a) – Federal Trademark Infringement

39. Plaintiff re-avers and re-state the foregoing Paragraphs 1- 38 inclusively as if fully set forth herein.

40. This is an action for an injunction arising under 15 U.S.C. §§ 1114 and 1116, and for damages arising under 15 U.S.C. §§ 1114 and 1117.

41. Defendants have, by virtue of its above-described acts, infringed upon Plaintiff's rights in its federal trademark registrations in violation of 15 U.S.C. § 1114.

42. Defendants' above-described acts of infringement have been committed, and are continuing to be committed, willfully and with the knowledge that Defendants' Mark is intended to be used to cause confusion, or to cause mistake, or to deceive.

43. Defendants' above-described acts of infringement have caused irreparable injury to Plaintiff and will continue to cause irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violating Plaintiff's trademark rights due to the confusion, mistake, or deception that will likely be generated among the trade and the public as a consequence of the above-described acts of infringement. Plaintiff has no adequate remedy at law.

44. As a result of the above-described intentional and deliberate infringement of Plaintiff's trademark rights by Defendants, Plaintiff is entitled to an injunction and an award of Defendants' profits, up to three (3) times any damages sustained by

Plaintiff, costs of this action, and attorneys' fees, all as set forth in 15 U.S.C. §§ 1116 and 1117, subject to the discretion of this Court.

## COUNT II
### Violation of 15 U.S.C. § 1125 – Federal Unfair Competition

45. Plaintiff reallege paragraphs 1 through 38 of this Complaint as if fully restated herein.

46. This is an action for an injunction arising under 15 U.S.C. §§ 1125 and 1116, and for damages arising under 15 U.S.C. §§ 1125 and 1117.

47. Defendants have, by virtue of the above-described acts, infringed upon Plaintiff's federally registered and common law rights in the Mark and are competing unfairly with Plaintiff by falsely designating Defendants' services as originating with Plaintiff or legitimately connected with Plaintiff in violation of 15 U.S.C. § 1125.

48. Defendants' above-described acts of infringement and unfair competition have been committed, and are continuing to be committed, willfully with the knowledge that Defendants' Mark is intended to be used to cause confusion, or to cause mistake, or to deceive.

49. Defendants' above-described acts of infringement and unfair competition have caused irreparable injury to Plaintiff and will continue to cause irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violating Plaintiff's trademark rights and competing unfairly with Plaintiff due to

the confusion, mistake or deception that will likely be generated among the trade and the public as a consequence of the above-described acts of infringement and unfair competition. Plaintiff has no adequate remedy at law.

50. As a result of the above-described intentional and deliberate infringement of Plaintiff's trademark rights and unfair competition by Defendants, Plaintiff is entitled to an injunction and an award of Defendants' profits, up to three (3) times any damages sustained by Plaintiffs, costs of this action, and attorneys' fees, all as set forth in 15 U.S.C. §§ 1116 and 1117, subject to the discretion of this Court.

## COUNT III
**Florida Trademark Infringement – Fla. Stat. § 495.131**

51. Plaintiff reallege paragraphs 1 through 38 of this Complaint as if fully restated herein.

52. This is an action against Defendants for damages and injunctive relief for Florida trademark infringement under Florida law due to Defendants' infringement of a Florida trademark.

53. Plaintiff is the owner of the Florida trademark for CELLFIX.

54. Defendants are intentionally advertising services to members of the public under a highly similar mark to that of Plaintiff.

55. Plaintiff adopted, filed, and used the Mark prior to Defendants' corresponding use.

56. Defendants' use of Defendants' Mark is confusingly similar to Plaintiff's

use of its Mark, is used for highly similar and/or related services, is directed at the same customers and is likely to cause confusion or mistake among ordinary purchasers in the marketplace as to the source, origin, association or sponsorship of Plaintiff's services with those of Defendants.

57. Defendants' infringement of the mark has caused, and is continuing to cause, irreparable harm to Plaintiff's business.

58. Unless restrained and enjoined, Defendants' conduct is likely to continue.

59. Defendants' conduct is willful, wanton, malicious, deliberate and with reckless disregard for Plaintiff's rights entitling Plaintiff to an award of punitive damages.

## COUNT IV
### Florida Common Law Trademark Infringement

60. Plaintiff reallege paragraphs 1 through 38 of this Complaint as if fully restated herein.

61. This is an action against Defendants for damages and injunctive relief for Common trademark infringement under Florida law due to Defendants' infringement of a common law trademark.

62. Plaintiff is the owner of a common law trademark for CELLFIX.

63. Defendants are intentionally advertising services to members of the public under a highly similar mark to that of Plaintiff.

64. Plaintiff adopted and used the Mark prior to Defendants' corresponding use.

65. Defendants' use of Defendants' Mark is confusingly similar to Plaintiff's use of its Mark, is used for highly similar and/or related services, is directed at the same customers and is likely to cause confusion or mistake among ordinary purchasers in the marketplace as to the source, origin, association or sponsorship of Plaintiff's services with those of Defendants.

66. Defendants' infringement of the mark has caused, and is continuing to cause, irreparable harm to Plaintiff's business.

67. Unless restrained and enjoined, Defendants' conduct is likely to continue.

68. Defendants' conduct is willful, wanton, malicious, deliberate and with reckless disregard for Plaintiff's rights entitling Plaintiff to an award of punitive damages.

## COUNT V
### Florida Common Law Unfair Competition

69. Plaintiff realleges paragraphs 1-38 as though fully stated herein.

70. Defendants acts of infringing on Plaintiff's federal and Florida trademark all constitute acts of unfair competition in contravention of Florida common law.

71. Plaintiff has suffered actual damages proximately caused by Defendants' unfair competition.

72. Defendants acts of unfair competition have caused and will cause great and irreparable harm to Plaintiff in an amount which cannot be adequately remedied by money damages, leaving Plaintiff with no adequate remedy at law. Therefore,

Plaintiff is entitled to full injunctive relief against Defendants, and any other persons or entities associated with or acting in concert with Defendants restraining their further acts of unfair competition.

73. Defendants acts of unfair competition are undertaken knowingly, willfully, and in malicious disregard of Plaintiff's rights.

## COUNT VI
### Florida False, Misleading, and Deceptive Advertising in Presenting LLC as a Corporation - Fla. Stat. § 605.0122

74. Plaintiff realleges paragraphs 1-38 as though fully stated herein.

75. Defendants operate a Limited Liability Company, TELEFIX, LLC, and M&H CELLPHONES, LLC but market to consumers as TELEFIX, INC through methods including but not limited to its website telefixinc.net.

76. Fla. Stat. § 605.0122(1)(a) provides that the name of a limited liability company clearly indicate that it is a limited liability company instead of a natural person, partnership, corporation, or other business entity.

77. Fla. Stat. § 605.0122(1)(d) provides that the name may not contain language stating or implying that the limited liability company is connected with a corporation or other entity chartered under the laws of the United States.

78. Defendants' actions in this false, misleading, and deceptive advertising by presenting the LLC to the public as TELEFIX, INC. are meant to create confusion between TELEFIX, INC., and the Plaintiff, CELLFIX, INC, which operates

cellfixinc.com.

79. Defendants' false statement of fact is known to be false by the Defendants and made for the purpose of inducing the general consumer to rely on the advertisement(s) and create confusion in the marketplace.

80. Actions taken by consumers in reliance with the knowingly false statement by Defendants are detrimental to both the consumer and to Plaintiff as consumers are led to believe they are working with Plaintiff when in fact the consumer has been duped by the Defendants.

### COUNT VI
### Florida Common Law Tortious Interference with Prospective Economic Relations

81. Plaintiff realleges paragraphs 1-38 as though fully stated herein.

82. Plaintiff has a reasonable expectation of benefit flowing from its business relationships with its customers and vendors and entering into contracts with customers in its store or seeking out its store.

83. Defendants are not third-party beneficiaries or parties to any business relationship with the Plaintiff.

84. Defendant purposefully and maliciously interfered with and disrupted the formation of a relationship between Plaintiff and Plaintiff's customers by Defendants' actions described above.

85. Defendants' interference with Plaintiff's relationships was without privilege

or justification.

86.  Without Defendants' interference with Plaintiff's prospective business relationship with customers, a contract between Plaintiff and the customer(s) would have formed.

86.  Defendants' interference resulted in damage and harm to the Plaintiff in the form of lost business and reputational injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Honorable Court enter such preliminary and final orders and judgements as are necessary to provide Plaintiff with the following requested relief:

a)   an injunction preliminarily during the pendency of this action and thereafter permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, from infringing Plaintiff's trademark rights and unfairly competing with Plaintiff in any manner whatsoever in connection with the operation of its business, and from continuing to operate its business in any manner tending to confuse or deceive the public into believing that its business is in any way connected with, sponsored by, or affiliated with Plaintiff;

b)   an order directing Defendants to file with the Court and serve upon Plaintiff

a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction entered by the Court within thirty (30) days after the entry of the injunction in compliance with 15 U.S.C. § 1116(a);

d) an accounting of Defendants' wrongfully derived profits and an order that the same be paid over to Plaintiff;

e) up to three (3) times any damages sustained by Plaintiff;

f) That Plaintiff be awarded compensation for corrective advertising for the damage to Plaintiff's goodwill;

g) That, based on Defendants' willful and deliberate infringement of Plaintiff's Marks, and to deter such conduct in the future, Plaintiffs be awarded punitive damages;

h) restitution to Plaintiff of any and all money Defendants have acquired by means of unfair competition;

i) interest on such profits and damages at the highest rate allowed by law;

j) That Defendants be required to pay Plaintiffs the cost of this action and Plaintiff's reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117;

k) such other relief as the Court may deem just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, by and through its undersigned attorneys, request a trial by jury on all issues so triable.

## RESERVATION OF RIGHTS

Plaintiff reserves the right, upon further investigation and discovery, to assert such claims against Defendant and other responsible parties as may be just and appropriate under the circumstances.

Dated: January 28, 2022.

                                      */s/David L. Reider*
David L. Reider, Esq.
Florida Bar No. 95719
Stanton IP Law Firm, P.A.
201 E Kennedy Blvd., Suite 1900
Tampa, FL 33602
813.421.3883
dreider@stantoniplaw.com

Thomas H. Stanton
Florida Bar No. 127444
Stanton IP Law Firm, P.A.
201 E. Kennedy Blvd. Suite 1900
Tampa, FL 33602
813.421.3883
tstanton@stantoniplaw.com

*Counsels for Plaintiff*